# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLINTON HAMPTON, LLC, an Oklahoma Limited Liability Company,<br><br>    Plaintiff,<br><br>-vs-<br><br>PROCENTURY INSURANCE COMPANY, a foreign entity; MEADOWBROOK, INC., a foreign entity; and JOHN AND JANE DOES 1-25,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-23-331-F<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

  The court has an independent duty to inquire into its own subject-matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

  The notice of removal filed by defendant Meadowbrook, Inc. alleges that the court has jurisdiction over this action based on diversity jurisdiction, 28 U.S.C. § 1332(a). See, doc. no. 1, ¶ 13. Upon review of the jurisdictional allegations, the court concludes they are insufficient to support the exercise of diversity jurisdiction.

  The "LLC" designation of plaintiff, Clinton Hampton, LLC, indicates that plaintiff is a limited liability company. And "[f]or diversity purposes, a limited liability company takes the citizenship of all its members." Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018) (quotation marks and citation omitted). Although the notice of removal alleges that plaintiff is a citizen of Oklahoma, see, doc. no. 1,

¶ 13.a., it fails to identify each of the members of the limited liability company, and it fails to identify the state of citizenship for each of the members. The notice of removal must specifically identify each of plaintiff's members as well as the state of citizenship for each of those members.[1] *See*, Spring Creek Exploration & Production Company, LLC, 887 F.3d at 1014 ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (quotation marks and citation omitted). Further, the notice of removal must trace the citizenship of plaintiff's members through "however many layers of [] members there may be[.]" *See*, Gerson v. Logan River Academy, 20 F.4th 1263, 1269 n. 2 (10th Cir. 2021).

In addition, the notice of removal alleges that defendant "Meadowbrook is a citizen of Michigan with its principal place of business in Michigan" and defendant "ProCentury is a citizen of Michigan with its principal place of business in Ohio." Doc. no. 1, ¶¶ 13.b. and 13.c. It appears that defendants are corporations. For diversity purposes, "a corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). While the notice of removal identifies the state where defendants have their principal places of business, it does not identify the state where the defendants have been incorporated.[2]

---

[1] If a member of plaintiff is an individual, defendant must identify the individual's state of citizenship as opposed to the individual's state of residence. If a member of plaintiff is a business entity, then defendant must provide the appropriate jurisdictional information pertaining to that business entity. *See generally*, 15A James Wm. Moore, Moore's Federal Practice, §§ 102.50-102.57 (3d ed. 2021); Wright & Miller, 13 Federal Practice and Procedure, § 3630.1 (3d ed.) (application of the citizenship rule for unincorporated associations).

[2] If defendant ProCentury Insurance Company is a business entity other than a corporation, the notice of removal must provide the appropriate jurisdictional information pertaining to that business entity. *See*, citations in footnote no. 1.

Accordingly, the court **DIRECTS** defendant, Meadowbrook, Inc., the party invoking diversity jurisdiction as the basis for the court's subject-matter jurisdiction, to file an amended notice of removal which supplies the missing jurisdictional information regarding plaintiff and defendants.[3]

The amended notice of removal shall be filed no later than fourteen days from the date of this order. The missing jurisdictional information may be alleged based upon defendant's information and belief. If the citizenship information required by this order is not available to defendant, even to the extent necessary to support pleading on information and belief, then defendant may file a motion for leave to engage in jurisdictional discovery within 14 days of the date of this order.

Failure to comply with the court's directive may result in an order which is just, including the remand of this action to state court, without further notice to defendant.

DATED this 20th day of April, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0331p001.docx

---

[3] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.